(No. 75-CV-243—

ROBERT PRESTON, on behalf of CORNELIA PRESTON, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 20, 1975.*

ROBERT PRESTON, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on February 22, 1974. Robert Preston, husband of the victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1.  That Cornelia Preston, wife of the claimant, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

   "Murder". (*Ill. Rev. Stat., 1973, Ch. 38, §9-1*).

2.  That on February 22, 1974, at approximately 6:45 A.M., the Chicago Police, responding to a complainant, discovered the body of a white female behind the garage at 3533 South Wood Street. The police investigation later revealed that the body was that of the victim, Cornelia M. Preston. Statements of two witnesses, Gail Thomas of 4105 South Richmond, Chicago, and Sue Lenzie of 4228 South Mozart to Chicago Police, have revealed that the body was taken to 3533 South Wood Street by Tim Watts of 3038 South Keeley, Chicago, Illinois, in the trunk of his car. The cause of victim's death has been determined to have been asphyxiation by manual strangulation. The victim's body was taken to the Cook County Morgue, where it was identified by Susan Keating of 2963 South Haynes.

3.  That statements, taken by the police investigators, present no evidence that the victim's death was in

any way attributable to her wrongful act or the substantial provocation of her assailant.

4. That a further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That the victim and her assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials and claimant has fully cooperated with their requests for assistance in the apprehension and prosecution of the assailant.

7. That Timothy Watts has been arrested and charged with the murder of the victim. He has been indicted in the Circuit Court of Cook County. Trial was set for May 13, 1975, in the Courtroom of Judge Massey.

8. That the claimant seeks compensation for funeral expenses as follows:

```
Robert's Funeral Home
2819 South Archer
Chicago, Illinois .................................. $1,500.00
```

9. That no claim is made for loss of support as no one was dependent on the victim for support.

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

11.  That, in the claim before us, the claimant has not received benefits from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act. The statutory deduction of $200.00, having been deducted from the gross amount of loss as calculated in ¶8, leaves a loss compensable under the Act of $1,300.00. Hence, the claimant is entitled to an award in the amount of $1,300.00.

It Is Hereby Ordered that the sum of $1,300.00 (One Thousand Three Hundred Dollars And No Cents) be awarded the claimant, Robert Preston, as the husband of an innocent victim of a violent crime.